**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

M.G.,

       Plaintiff,

    vs.                           Civ. No. 24-758 JMR/SCY

THE FOUR WINDS SOCIETY, INC. and
THE CHI CENTER, INC.,

       Defendants.

## ORDER TO FILE RULE 7.1 NOTICE

This matter comes before the Court sua sponte. Defendant The Four Winds Society, Inc. removed this action to federal court citing diversity jurisdiction. Doc. 1. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

The Notice of Removal relies on "negative" statements of citizenship (i.e., asserting a party is not a citizen of a particular state instead of asserting the that the party is a citizen of a particular state). Doc. 1 ¶ 3d. A party invoking diversity jurisdiction must specifically allege the citizenship of each party, not just that a defendant is not a citizen of the same state as any plaintiff. *Cameron v. Hodges*, 127 U.S. 322, 322 (1888); *Dancel v. Groupon, Inc.*, 940 F.3d 381,

385 (7th Cir. 2019); *see also Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018);

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226 (11th Cir. 2017); *D.B.*

*Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011);

*Thurston v. Page*, 920 F. Supp. 152, 154 (D. Kan. 1996); *McCracken v. Murphy*, 328 F. Supp.

2nd 530, 535 (E.D. Pa. 2004).

Further, a corporation is deemed to be a citizen of the state in which it is incorporated and

in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). The Notice of

Removal pleads only the principal place of business of the two defendant corporations and does

not include their state of incorporation. Doc. 1 ¶¶ 3b, 3c.

The Court notes that Rule 7.1 requires every party to file a disclosure statement as to its

own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on

diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders

otherwise, file a disclosure statement. The statement must name—and identify the citizenship

of—every individual or entity whose citizenship is attributed to that party or intervenor: when

the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022

Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the

Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early

and accurate determination of jurisdiction."). In keeping with this intent, the Court orders all

parties—Plaintiff M.G., Defendant The Four Winds Society, Inc. and Defendant The Chi Center,

Inc.—to file a Rule 7.1 citizenship notice within 14 days of the date of this Order.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE